IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MARTA MANSFIELD,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
COMMISSIONER of Social Security,

    Defendant.

Civil No. 07-1427-HA

ORDER

HAGGERTY, District Judge:

Plaintiff's counsel moves for an award based upon the Equal Access to Justice Act (EAJA) [31], as well as for an award for fees under 42 U.S.C. § 406(b) [37]. When counsel for a Social Security claimant is entitled to awards under both statutes, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). There have been no objections from the Commissioner to either fee motion, but this court is charged with the responsibility of determining the reasonableness of the fees being sought.

I.     ANALYSIS

The counsel's request for an EAJA award is addressed first. On January 24, 2011, this court found that plaintiff is unable to engage in any substantial gainful activity by reason of her

Page 1 - ORDER

impairments, and that this case must be remanded to the Commissioner for the proper calculation and award of Supplemental Security Income Benefits and Disability Insurance Benefits on behalf of plaintiff. On April 25, 2011, plaintiff's counsel filed an application for an award of attorney fees pursuant to EAJA, 28 U.S.C. § 2412(d), in the amount of $10,500.00. Defendant Commissioner has stipulated to this application.

This court concludes that counsel's Application for EAJA Fees is proper. The application is granted as follows: It is ordered that the aforementioned EAJA fee will be paid to plaintiff's attorney, upon verification that plaintiff has no debt which qualifies for offset against the awarded fees, pursuant to the Treasury Offset Program as discussed in *Astrue v. Ratliff*, ___ U.S. ___, 130 S. Ct. 2521, 2527 (2010) (explaining that EAJA awards fees to the litigant, and that the fee calculation is subject "to a federal administrative offset if the litigant has outstanding federal debts").

If plaintiff has no such debt, then the check shall be made out to plaintiff's attorney, Tim Wilborn, and mailed to the attorney at P.O. Box 2768, Oregon City, Oregon, 97045.

Next, this court examines counsel's motion for an award under § 406(b). Upon entering a judgment in favor of a Social Security claimant who was represented by an attorney, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Such fee awards are paid from a claimant's retroactive benefits award. *Id.* An attorney receiving such a fee award may not seek any other compensation from a claimant besides a § 406(b) fee. *Id.*

Under *Gisbrecht*, the court's first duty when considering whether to approve a contingency fee agreement is to determine whether it is within the statutory 25 percent cap. Here, counsel and his client executed a contingent-fee agreement that appears to be within the statutory limits.

Relatedly, the court then confirms that the fee amount sought by counsel is not more than 25 percent of the disabled person's retroactive benefits (§ 406(b)'s ceiling). Obviously, such a determination requires evidence of the retroactive benefits awarded to the claimant. Here, plaintiff's counsel seeks an award of $30,773.95, which counsel asserts is 25 percent of the corrected calculation of his client's retroactive benefits. Mem. Supp. 406(b) Fee Award, p. 8 n.8. If counsel's calculations are correct, plaintiff received a total retroactive benefit of $123,095.80.

Counsel's requested 25 percent award of $30,773.95 would be subject to a subtraction of $10,500.00, counsel's awarded EAJA fee, resulting in a net award being sought of $20,273.95.

Although counsel has not voluntarily reduced his fee request to less than 25 percent provided for in the contingency fee contract, that fact alone does not void the agreement. Fee agreements that do not result in an award *exceeding* 25 percent of the benefits awarded to the claimant may be upheld if it can be determined that the fee agreement yields "reasonable results" under the applicable circumstances. *Gisbecht*, 535 U.S. at 807; *see also Lewis v. Sec'y of Health & Human Servs.*, 707 F.2d 246, 248-50 (6th Cir. 1983) ("[r]outine approval of the statutory maximum allowable fee should be avoided in all cases. In a great majority of the cases, perhaps, a reasonable fee will be much less than the statutory maximum.") (citation and internal quotation omitted).

This court notes with approval the careful analysis provided recently by Magistrate Judge Acosta, who recognized that "a twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed upon amount.'" *Dunnigan v. Comm'r*, No. Cv. 07-1645-AC, 2009 WL 6067058, *7 (D. Or. Dec.ember 23, 2009) (quoting *Gisbrecht*, 535 U.S. at 807 n.17).

Magistrate Judge Acosta further recognized the court's duty to review contingent-fee arrangements as an independent check and to issue an affirmative judicial finding that the fee allowed is reasonable. *Id.* (citation and internal quotation omitted). Upon a determination that the fee agreement and the amount requested is within statutory limits, a court turns to "its primary inquiry, the reasonableness of the fee sought." *Id.* at 10.

The burden rests with the plaintiff's counsel to establish the requested fee's reasonableness. *Gisbrecht*, 535 U.S. at 807. As the Supreme Court noted, the real party in interest in § 406(b) fee motions is the attorney, not the claimant. *Id.* at 798 n.6.

A court evaluating a counsel's showing of reasonableness under § 406(b) is instructed to acknowledge the "primacy of attorney-client fee agreements." *Id.* at 793. However, contingent fee agreements that fail to "yield reasonable results in particular cases" can be rejected. *Id.* at 807. The court may reduce a contingent fee "based on the character of the representation and the results the representative achieved." *Id.* at 808. For example, a contingent fee award may be reduced if the attorney provided substandard representation, engaged in dilatory conduct that increased the accrued amount of past-due benefits, or if the benefits were disproportionate to the amount of time the attorney spent on the case. *Id.*

This court notes with approval the careful analysis provided recently by Magistrate Judge Acosta, who recognized that "a twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed upon amount.'" *Dunnigan v. Comm'r*, No. Cv. 07-1645-AC, 2009 WL 6067058, *7 (D. Or. Dec.ember 23, 2009) (quoting *Gisbrecht*, 535 U.S. at 807 n.17).

Magistrate Judge Acosta further recognized the court's duty to review contingent-fee arrangements as an independent check and to issue an affirmative judicial finding that the fee allowed is reasonable. *Id.* (citation and internal quotation omitted). Upon a determination that the fee agreement and the amount requested is within statutory limits, a court turns to "its primary inquiry, the reasonableness of the fee sought." *Id.* at 10.

The burden rests with the plaintiff's counsel to establish the requested fee's reasonableness. *Gisbrecht*, 535 U.S. at 807. As the Supreme Court noted, the real party in interest in § 406(b) fee motions is the attorney, not the claimant. *Id.* at 798 n.6.

A court evaluating a counsel's showing of reasonableness under § 406(b) is instructed to acknowledge the "primacy of attorney-client fee agreements." *Id.* at 793. However, contingent fee agreements that fail to "yield reasonable results in particular cases" can be rejected. *Id.* at 807. The court may reduce a contingent fee "based on the character of the representation and the results the representative achieved." *Id.* at 808. For example, a contingent fee award may be reduced if the attorney provided substandard representation, engaged in dilatory conduct that increased the accrued amount of past-due benefits, or if the benefits were disproportionate to the amount of time the attorney spent on the case. *Id.*

The Ninth Circuit recently issued an *en banc* decision addressing the § 406(b) reasonableness analysis under *Gisbrecht*. *See Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009). The *Crawford* majority emphasized that the Supreme Court has provided a "clear directive" that a district court should begin its analysis with examining the attorney-client fee agreement, and then apply any appropriate reductions to the calculated contingency fees to arrive at a reasonable fee:

> the Supreme Court's clear directive [is] that the district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall.

*Crawford*, 586 F.3d at 1151 (citing *Gisbecht*, 535 U.S. at 808).

The Ninth Circuit articulated four factors derived from the *Gisbrecht* analysis that district courts should use in determining whether a reduction from the contingent-fee agreement is appropriate:

1. the character of the representation, specifically, whether the representation was substandard;

2. the results the representative achieved;

3. any delay attributable to the attorney seeking the fee; and

4. whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney would receive an unwarranted windfall.

*Crawford*, 586 F.3d at 1151-53 (citations omitted).

In other words – despite the primacy afforded to the fee contract created between counsel and client – courts are empowered to exercise discretion to ensure that the claimant is protected from having to surrender retroactive disability benefits in a disproportionate payment to counsel. *Id.* at 1151 (citing *Gisbecht*, 535 U.S. at 808).

Page 5 - ORDER

### 1. The Character of Representation

Substandard performance by a legal representative may warrant a reduction in a § 406(b) fee award. *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151. The Supreme Court has instructed that this aspect of the reasonableness analysis emphasizes whether the character of the plaintiff's representation was substandard. *Gisbrecht*, 535 U.S. at 808 (citing *Lewis*, 707 F.2d at 248-50. The *Lewis* court considered the counsel's poor preparation for hearings, failures to meet briefing deadlines, submissions of court documents void of legal citations, and misconduct in overbilling the claimant to amount to substandard representation. *Id.*

The record in this case fails to reveal that counsel's conduct in this case was in any way as egregious as the kind of representation considered by the court deciding *Lewis*. The record in this case provides no basis for a reduction in the requested § 406(b) fee due to the character of counsel's representation.

### 2. Results Achieved

Here, counsel won a remand for purposes of calculating and awarding benefits for the claimant. The Commissioner disputed whether remanding the action for a second time was proper, and counsel succeeded in resolving this matter favorably to his client. However, a successful result – even obtaining an order for an award of benefits – should not be viewed in isolation, and does not compel a fee award of 25 percent of a claimant's retroactive benefits award. *Dunnigan*, 2009 WL 6067058, at *12.

> If [a successful result] always supported awarding fees for the full twenty-five percent, it would make irrelevant the other *Gisbrecht* factors and render perfunctory the trial courts' assigned task of "making reasonableness determinations in a wide variety of contexts[.]"

*Id.* (quoting *Gisbrecht*, 535 U.S. at 808).

Page 6 - ORDER

### 3.    Delays

A court may reduce a § 406(b) award for delays in proceedings attributable to the claimant's counsel. *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151. The *Gisbrecht* Court reasoned that a reduction of a requested fee is appropriate under § 406(b) in cases in which the requesting attorney could profit from the accumulation of benefits by inappropriately causing delay in the proceedings while the case is pending. *Gisbrecht*, 535 U.S. at 808 (citing *Rodriguez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989)).

Here, plaintiff sought and obtained one two-month extension for filing an Opening Brief. No evidence in the record suggests that the extension was intended, even in part, to unfairly delay the proceedings in this case. Accordingly, reduction of a fee request based upon 25 percent of the claimant's retroactive benefits award under this factor alone is not warranted.

### 4.    Proportion

A district court may reduce a § 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). The Supreme Court explained that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808; *see also Stokes v. Comm'r of Social Sec. Admin.*, No. 10-35628, 2011 WL 1749064, at *1 (9th Cir. May 9, 2011) (it is proper for a court to focus on the complexity and risk involved in the specific case at issue to determine how much risk was assumed in taking the case, and disregarding an attorney's arguments about general policy considerations and the generally high risks in litigating social security cases is not an abuse of discretion); quoting *Crawford*, 586 F.3d at 1153.

Page 7 - ORDER

Counsel claims he expended 62.95 hours in his efforts to recover retroactive benefits totaling $123,095.80 for plaintiff and to obtain current benefits and insurance for his client. In light of the size of the retroactive benefits recovered in relation to a reasonable estimate of the complexity of the representation, and the estimated number of hours that should have been necessary to fairly conduct that representation, a reduction of the maximum fee allowable under the applicable statute is warranted.

This conclusion is based upon the circumstances presented, including the generally non-adversarial posture of the Commissioner after plaintiff's initial filings were presented (less than four months after counsel filed plaintiff's Complaint, the Commissioner stipulated to a remand for further proceedings), and the complexity of the remaining issues when the case returned to this court. After administrative adjudication of the stipulated remand, counsel's primary arguments in the re-opened federal case challenged the Administrative Law Judge's findings regarding plaintiff's residual functional capacity, her credibility, and the evaluations of her treating physicians.

To be sure, opposing counsel were zealous in the defense of the Commissioner's conclusions, and plaintiff's counsel advanced a sound strategy to rebuff that defense. The complexity and risk inherent in prosecuting this case, however, is insufficient to establish that a full fee award of the maximum amount allowed under law is warranted. Instead, the relative simplicity of this litigation (in light of the stipulated remand and subsequent clarifications), coupled with the significant total of retroactive benefits recovered, compels this court to award a smaller percentage in calculating a fee award to avoid a disproportionate windfall to counsel and to prevent a disabled client from incurring a disproportionate loss of benefits for legal

representation. This result is consistent with the court's statutory duty to assess the reasonableness of this kind of contingent fee, and with the guidance provided by the Supreme Court and the Ninth Circuit. This court concludes that the concerns about proportionality are not allayed by the risks counsel undertook in representing this plaintiff, under the complexity and circumstances presented.

## II.     FEE CALCULATION

This court accepts the reasonableness of the hours billed for this litigation (62.95 hours). However, the court concludes that an award of 25 percent of plaintiff's retroactive benefits results in a disproportionate windfall for counsel. Instead, after examining the record and the factors considered in determining the reasonableness of fee awards, the court concludes that counsel's fee award should total 18 percent of the alleged retroactive benefits award. Accordingly, counsel is awarded $11,657.24. This amount equals 18 percent of the retroactive award of $123,095.80 ($22,157.24), minus $10,500.00, counsel's awarded EAJA fee.

## III.    CONCLUSION

Counsel's motion [31] for an award of EAJA fees totaling $10,500.00 is granted. Counsel's ¶ 406(b) attorney fee motion [37] is granted as follows: payment to plaintiff's counsel of $11,657.24 from plaintiff's retroactive benefits is approved.

IT IS SO ORDERED.

Dated this 2 day of June, 2011.

*[signature]*
Ancer L. Haggerty
United States District Judge

Page 9 - ORDER